IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADETTE REVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3422 |
| | § | |
| CAMDEN DEVELOPMENT, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 17] filed by Defendant Camden Development, Inc. ("Camden"), to which Plaintiff Bernadette Revis filed a Response [Doc. # 18], and Defendant filed a Reply [Doc. # 19]. Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion.

### I.    BACKGROUND

Plaintiff is a 57-year-old African American. Prior to May 1999, Plaintiff worked at Walden Residential Properties, Inc. with Laurie Baker. When Baker was negotiating employment with Camden, she recommended that Camden hire Plaintiff also. Plaintiff and Baker both began working for Camden in May 1999, Plaintiff as a Senior Buyer and Baker as her supervisor. While working for Camden under Baker's supervision, Plaintiff became a "Director of Purchasing" at Camden.

In August 2004, Baker was transferred to a new position and Linda Willey, Director of Property Services, became Plaintiff's supervisor. In January 2006, Kristy Simonette was promoted to Vice President of Business Services and became Plaintiff's second-line supervisor.

In October and December 2006, Plaintiff received counseling notices that she needed to improve her performance in certain areas, primarily organization and communication. Camden terminated Plaintiff's employment in late January 2007.

Plaintiff filed this lawsuit on November 18, 2008. Plaintiff alleges that she was subjected to race discrimination in violation of Title VII and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). After an adequate time for discovery, Defendant filed its Motion for Summary Judgment. The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v.*

*ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would

prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Service Corp.*, ___ F.3d ___, 2010 WL 252126, at *4 (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the

district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

Under the burden-shifting standard applicable to claims under Title VII and the ADEA, a plaintiff claiming race or age discrimination must establish a *prima facie* case by demonstrating that she: (1) is a member of a protected class; (2) was qualified for the position in question; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or was otherwise treated less favorably than similarly situated persons who were not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (ADEA). A plaintiff's *prima facie* case creates an inference of discrimination that shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Lee*, 574 F.3d at 259. The defendant's burden at this stage is a burden of production, not persuasion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

If the employer provides such an explanation, the inference created by the *prima facie* case drops out, and the plaintiff bears the burden to establish

discrimination by offering evidence that the employer's stated explanation is a pretext for discrimination.  *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 249; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  Despite this intermediate burden shifting, the plaintiff at all times bears the ultimate burden to demonstrate that the defendant intentionally discriminated against her. *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 259 n. 13 (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

### A.   *Prima Facie* Case

It is undisputed that Plaintiff is a member of a protected class for both her Title VII race discrimination claim and her ADEA age discrimination claim.  Because Plaintiff held the Director of Purchasing position before her termination, Defendant does not dispute that Plaintiff was qualified for the position.  It is also undisputed that Plaintiff suffered an adverse employment action when her employment with Camden was terminated in January 2007.

Plaintiff has failed, however, to present evidence that she was replaced by someone outside the protected class or was treated less favorably than similarly situated persons who were not members of the protected class.  There is no evidence regarding the race or age of her replacement, only that the employee was a "manager-level employee, not a higher ranking" director.  Plaintiff has also failed to present

evidence that she was treated less favorably than similarly-situated employees who were younger and of a race other than African-American. Indeed, Plaintiff's only comment on the issue is that Defendant treated other, unidentified employees more favorably by not discriminating against those other employees. *See* Response, p. 10. Plaintiff has failed to present evidence to support the existence of a *prima facie* case of age or race discrimination.

### B.     Legitimate, Non-Discriminatory Reason

Defendant, however, has moved beyond the *prima facie* step and has gone forward to articulate a legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment. Defendant states with supporting evidence that Plaintiff was provided oral and written notice of several performance issues and, notwithstanding these warnings, Plaintiff's performance in those areas did not improve. Specifically, Defendant viewed Plaintiff as having performance deficiencies in the areas of organization and communication.

Defendant presented uncontroverted evidence that Plaintiff's problems with organization contributed to her often missing deadlines. For example, in 2006, Willey directed Plaintiff to provide by September 8 information needed for a vinyl and flooring project presentation Willey was to make on September 12. Plaintiff missed the September 8 deadline and did not provide the information until two hours before

Willey was scheduled to make her presentation. The following month, Willey directed Plaintiff to prepare by October 15 a quarterly Purchasing Department update. Plaintiff did not complete the assignment until after business hours on October 17. Plaintiff also missed a November 1, 2006, deadline for delivering a transition document to the Information Technology ("IT") department, and failed to advise Willey that she would not meet the deadline. In January 2007, Plaintiff missed the deadline for preparing a presentation for the Services Managers Advisory Committee.

Plaintiff's communication problems included her failing to respond to inquiries and requests from Camden's Regional Vice Presidents ("RVPs"). RVPs began complaining in mid-2005 that Plaintiff was unresponsive. For example, one RVP stated that Plaintiff never responded to his requests for help soliciting bids. In November 2006, Simonette was required to rewrite the transition document Plaintiff prepared (belatedly) for the IT department because of the poor quality of the document. In December 2006, Simonette received a complaint from RVP Elaine Withrow regarding Plaintiff miscommunicating to a flooring vendor that Camden was dissatisfied with its current vendor, Brock Interiors. Withrow was concerned that Plaintiff's miscommunication jeopardized Camden's relationship with Brock Interiors, a long established vendor with whom Withrow and Camden were fully satisfied. Willey directed Plaintiff not to contact Brock Interiors, but several hours later Plaintiff

contacted Cathi Brock, the company's owner, trying to deflect blame for the incident. Withrow was upset by Plaintiff's call to Brock, and she complained to Simonette that Plaintiff was acting unprofessionally.

Based on Plaintiff's continuing performance problems, particularly in the areas of organization and communication, Camden terminated Plaintiff's employment in January 2007.

### C. Pretext

Because Defendant has articulated, and presented evidence, of a legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment, Plaintiff has the burden to present evidence that raises a genuine issue of material fact regarding whether Defendant's proffered reason is a pretext for race and age discrimination. Plaintiff has failed to present any evidence of pretext. Instead, Plaintiff asserts that she received favorable evaluations, and that the RVPs were "not wanting to conform to the national programs, and that could be part of being discriminatory."[1]

#### 1. Evaluations

---

[1] Plaintiff also notes that she has testified that she was discriminated against. Her own subjective belief that she was the victim of race and age discrimination is not, however, evidence that raises a genuine issue of material fact on the pretext issue. *See, e.g., Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Salinas v. AT&T Corp.*, 314 F. App'x 696, 699 (5th Cir. Mar. 12, 2009).

Plaintiff argues that she received favorable evaluations while employed at Camden and, therefore, Defendant's assertion that she had performance problems is pretextual. Although it is true that Plaintiff received favorable comments in her performance evaluations, the evidence is uncontradicted that her evaluators identified problem areas. Baker, Plaintiff's mentor, conducted Plaintiff's 2004 Annual Performance Evaluation. Baker commented that Plaintiff needed to "continue to work on organizing and prioritizing onsite requests," needed "to provide timely communications with vendors," needed to "work on responding quickly to address concerns," needed to improve her oral communication skills, needed to be more organized, and needed to "be more consistent with when [she arrived at] work." *See* 2004 Annual Performance Evaluation, Ex. 2 to Affidavit of Laurie Baker, Exh. D to Motion. Plaintiff notes that her 2004 evaluation resulted in an overall percentage of 74.88%, which falls in the "exceeds performance expectations" category. Plaintiff's 2004 evaluation, however, was below the average percentage rating for other Camden employees that year. *See* Baker Aff., ¶ 12.

Similarly, Plaintiff's 2006 evaluation both included positive comments and identified areas that needed improvement, such as improving customer service, improving work efficiency, improving communication skills by preparing more thoroughly for presentations, and using time more effectively. *See* 2006 Annual

Performance Evaluation, Exh. 2 to Affidavit of Linda Willey, Exh. E to Motion. As was true in the 2004 evaluation, Plaintiff's overall percentage of 77.38% fell in the "exceeds performance expectations" category. Of the five employees Willey supervised, however, Plaintiff's evaluation percentage was by far the lowest, 12.38% below the next lowest percentage of 89%.

Following the 2004 and the 2006 evaluations, Plaintiff was given a written Corrective Counseling Notice ("CCN") in October 2006. The CCN described Plaintiff's performance difficulties, such as missing deadlines and not responding timely to inquiries and requests. *See* October 2006 CCN, Exh. 1 to Affidavit of Kristy Simonette, Exh. A to Motion. A second CCN in December 21, 2006, again identified as problems Plaintiff's failure to respond to RVPs and her organizational difficulties. *See* December 2006 CCN, Exh. 7 to Simonette Aff. When these counseling attempts proved unsuccessful, Plaintiff was issued a third CCN on January 22, 2007, and her employment was terminated at that time.

Although it is true that Plaintiff received positive feedback for her performance in certain areas, that evidence does not raise a genuine issue of material fact regarding the performance deficiencies in other areas. The positive remarks in her 2004 and 2006 evaluations do not provide evidence of pretext. At most, Plaintiff presents a scintilla of evidence which is insufficient to support a jury verdict in her favor and,

thus, is insufficient to avoid summary judgment. *See, e.g., Reaves Brokerage Co.*, 336 F.3d at 413.

### 2. Complaints by RVPs

Plaintiff does not deny that the events complained about by the RVPs occurred as they described. Plaintiff argues, instead, that the RVPs were all discriminating against her. Plaintiff has not presented any evidence to support this argument. Indeed, the uncontroverted evidence in the record refutes Plaintiff's perception that the RVPs were acting based on a discriminatory motive. Elaine Withrow, the RVP who complained about Plaintiff miscommunicating information about Camden's satisfaction with Brock Interiors, is sixty-five (65) years old – older than Plaintiff. To address Plaintiff's failure to respond promptly to RVPs' inquiries and requests, many of the RVPs began to bypass Plaintiff and communicate directly with Kerry Richard, the Purchasing Coordinator and Plaintiff's assistant, who is African-American. Plaintiff relies on an incident in which an RVP would not sign a contract and claimed that he did not understand it even though Plaintiff had explained it to him. *See* Response, p. 9. Plaintiff notes that "once Ms. Simonette got on a three-way and also explained the contract," the RVP agreed to sign the document. *See id.* This evidence does not suggest discrimination by the RVP. If anything, the incident illustrates and supports Defendant's position that Plaintiff had communication difficulties.

Plaintiff has presented no evidence that hints at discrimination by the RVPs or by any other employee at Camden. Plaintiff has not presented evidence that creates a genuine fact dispute on the pretext issue, and Defendant is entitled to summary judgment.

## IV.   **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her race and age discrimination claims. As a result, it is hereby

**ORDERED** that Camden's Motion for Summary Judgment [Doc. # 17] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **5th** day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge